■ In the Matter of the LEGAL AID SOCIETY OF NASSAU COUNTY, N. Y. et al., Appellants, v. ALFRED SAMENGA, a Judge of the District Court of Nassau County, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR for a judgment directing that petitioner Legal Aid Society of Nassau County, N. Y., by its attorney, James J. McDonough, be permitted to represent a certain defendant in the District Court of Nassau County on a pending charge of violating subdivision 4 of section 1192 of the Vehicle and Traffic Law, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered October 21, 1971, which denied the application. Judgment reversed, on the law, without costs, and petition granted (see *Matter of Legal Aid Soc. of Nassau County, N. Y. v. Samenga*, 39 A D 2d 912). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.

■ In the Matter of the LEGAL AID SOCIETY OF NASSAU COUNTY, N. Y. et al., Appellants, v. ALFRED SAMENGA, a Judge of the District Court of Nassau County, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR for a judgment directing that petitioner Legal Aid Society of Nassau County, N. Y., by its attorney, James J. McDonough, be permitted to represent a certain defendant in the District Court of Nassau County on a pending charge of violating section 353 of the Agricultural and Markets Law, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered October 21, 1971, which denied the application. Judgment reversed, on the law, without costs, and petition granted. It is our view in the instant case that the Legal Aid Society was assigned by the District Court to represent the defendant in question. Once made, that assignment could be terminated *for reasons of nonindigency* at the instance of counsel only (County Law, § 722-d). That section reads: "Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private

legal aid bureau or society, private attorney, or otherwise." We consider the report of counsel a predicate to any action on the part of the court to relieve counsel of the assignment. At bar, the Legal Aid Society was satisfied that the defendant was indigent and therefore entitled to its representation. If, in fact, the Legal Aid Society presumed to represent nonindigent defendants, then the matter should be taken up by the municipality which, by contract with the Society, makes funds available for its work. It should not be a matter for the courts in the first instance. We are of the further view that the Society has standing to maintain this proceeding. As noted, the Society has a contractual obligation with Nassau County, under which it has the responsibility to furnish legal aid to indigents who seek its services. Having determined the defendant's eligibility and concluded that it is obligated under the contract to render its services to him, the Society may well be aggrieved by a court order which would preclude it from discharging its obligations. Accordingly, while it would have been more in keeping with this court's policy of discouraging multiplicity of suits had the defendant been joined as a party, it cannot be gainsaid that the Society has standing on its own (cf. *Matter of Strippoli* v. *Bickal*, 42 Misc 2d 475, 480-484, revd. on other grounds 21 A D 2d 365, affd. 16 N Y 2d 652). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.